**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA AND THE STATE OF LOUISIANA**

***EX REL.*** **JESSICA ALBORES, MARIE FORD, AND MARGARET WHITEMAN, INDIVIDUALLY,**

**VERSUS**

**E.M. DIMITRI D.O. PMC D/B/A DIMITRI DERMATOLOGY; AMERICAN SUPPORT SERVICES, LLC; DERMATOLOGIC CENTERS OF AMERICA, LLC; MISSISSIPPI DERMATOLOGY, LLC; MISSISSIPPI SUPPORT SOLUTIONS, LLC; PRECISION BILLING SERVICES, LLC; REGIONAL SUPPORT SERVICES; LLC; SHAPIRO DIMITRI MEDICAL, LLC; THE DIMITRI CLINICS, LLC; ELIZABETH DIMITRI, D.O.; THOMAS ORGERON, M.D.; AND JOEL PERDOMO, M.D.**

**CIVIL ACTION NO. 2:18-cv-06936**

**JUDGE JANE TRICHE MILAZZO**

**MAGISTRATE JUDGE DOSSIER**

## ANSWER TO FIRST AMENDED JOINT COMPLAINT

Defendants E.M. Dimitri D.O. PMC d/b/a Dimitri Dermatology; American Support Services, LLC; Dermatologic Centers of America, LLC; Mississippi Dermatology, LLC; Mississippi Support Solutions, LLC; Precision Billing Services, LLC; Regional Support Services; LLC; Shapiro Dimitri Medical, LLC; The Dimitri Clinics, LLC; Elizabeth Dimitri, D.O.; Thomas Orgeron, M.D.; and Joel Perdomo, M.D., by and through their counsel of record, hereby submit the following Answer to the Plaintiffs' First Amended Joint Complaint ("Complaint" or "First Amended Complaint").

## RESERVATION OF RIGHTS

Defendants expressly reserve the right to seek leave to amend or supplement their Answer and Affirmative Defenses to assert or withdraw any defenses as may be deemed warranted or that may become available after a reasonable opportunity for discovery or as may otherwise arise during proceedings in this suit.

**AND NOW**, further answering the specific enumerated allegations in the First Amended Joint Complaint, Defendants aver as follows:

## Introduction[1]

The allegations in the Introduction require no response on behalf of Defendants, as such allegations in this section are argumentative and assert legal conclusions. To the extent a further response is required, the allegations in the first, second, and third paragraphs are denied as stated. Defendants further expressly deny they violated federal or state law in any respect. In addition, Defendants reserve all rights, defenses, objections, and arguments, in their entirety and without waiver, regarding Plaintiffs' claims and allegations in the First Amended Complaint

## Jurisdiction and Venue

1. With respect to paragraph 1, Defendants admit that this action purports to invoke the False Claims Act ("FCA"). Defendants admit that this Court has jurisdiction as to claims arising under the False Claims Act. Defendants deny that they violated the FCA or Louisiana's Medical Assistance Program Integrity Law. Defendants deny any remaining allegations in this paragraph.

[1] The headings and subheadings in the First Amended Complaint require no response on behalf of Defendants. However, to the extent a response is required, the factual allegations and legal conclusions in all headings and subheadings of the First Amended Complaint are denied by Defendants.

2. The allegations in paragraph 2 require no response on behalf of Defendants, as such allegations assert legal conclusions regarding jurisdiction of this action. To the extent a further response is required, Defendants deny committing any wrongdoing regarding Plaintiffs' claims and allegations in the First Amended Complaint.

3. The allegations in paragraph 3 require no response on behalf of Defendants, as such allegations assert a legal conclusion regarding venue of this action. To the extent a further response is required, Defendants deny committing any wrongdoing regarding Plaintiffs' claims and allegations in the First Amended Complaint.

**Parties**

4. With respect to paragraph 4, Defendants admit the allegations contained therein.

5. With respect to paragraph 5, Defendants admit the allegations contained therein.

6. The allegations in the first and second sentences of paragraph 6 are denied for lack of sufficient information to justify a belief therein regarding Relator Albores's citizenship, residence, and licensure status. Defendants admit only that Relator Albores was contracted to provide medical services for E.M. Dimitri, D.O. PMC during the period of September 2017 to June 2018. Defendants admit that Relator Albores worked in the Gonzales, Kenner, and Metairie offices and trained in the Gretna and Slidell offices.

7. The allegations in the first and second sentences of paragraph 7 are denied for lack of sufficient information to justify a belief therein regarding Relator Ford's citizenship, residence, and licensure status. Defendants admit only that Relator Ford was contracted to provide medical services for E.M. Dimitri, D.O. PMC during the period of October 2016 to August 2018. Defendants admit that Relator Ford worked in the Meridian and Brandon, Mississippi clinics.

8. The allegations in the first and second sentences of paragraph 8 are denied for lack of sufficient information to justify a belief therein regarding Relator Whiteman's citizenship, residence, and licensure status. Defendants admit only that Relator Whiteman was contracted to provide medical services for E.M. Dimitri, D.O. PMC during the period of October 2017 to June 2018. Defendants admit that Relator Whiteman worked in the Gonzales, Kenner, and Metairie offices and trained in the Gretna and Slidell offices.

9. With respect to paragraph 9, Defendants admit that Relators purported to bring this action on behalf of the United States of America and the State of Louisiana alleging violations of the False Claims Act, 31 U.S.C. § 3729, *et seq.*, and Louisiana's Medical Assistance Program Integrity Law, La. R.S. 46:437, *et seq*. To the extent a further response is required, Defendants deny committing any wrongdoing regarding Plaintiffs' claims and allegations in the First Amended Complaint.

10. With respect to paragraph 10, Defendants admit the allegations contained therein.

11. With respect to paragraph 11, Defendants admit the allegations contained therein.

12. With respect to paragraph 12, Defendants admit the allegations contained therein.

13. With respect to paragraph 13, Defendants admit the allegations contained therein.

14. With respect to paragraph 14, Defendants admit the allegations contained therein.

15. With respect to paragraph 15, Defendants admit the allegations contained therein.

16. With respect to paragraph 16, Defendants admit the allegations contained therein.

17. With respect to paragraph 17, Defendants admit the allegations contained therein.

18. With respect to paragraph 18, Defendants admit the allegations contained therein.

19. Defendants deny the first sentence of paragraph 19 and deny the perpetration of any fraud. Defendants admit the allegations in the second sentence of paragraph 19 that Dr. Dimitri is

or was an Officer, Member, Manager, President, and/or Director of each of the defendant entities named in this Complaint. Defendants deny the third sentence of paragraph 19 and again deny the perpetration of any fraud and the administration of unnecessary medical service. Defendants admit that Dr. Dimitri participated in the training and guidance of clinic staff and was involved in the management and direction of staff and contracted providers. However, Defendants deny that Dr. Dimitri exercised close control over the day-to-day operations of the staff, contractors, or entities mentioned in this Complaint, and Defendants deny that any management on the part of Dr. Dimitri was for a fraudulent purpose. Defendants admit the allegations in the fourth sentence of paragraph 19 but deny the allegations in the fifth sentence for lack of knowledge or information sufficient to form a belief as to its truth.

20. With respect to paragraph 20, Defendants admit the allegations in the first, second, third, and fourth sentences. Defendants deny the allegations in the fifth sentence and dispute that any fraud took place and that any unnecessary medical services were provided. Defendants admit only that Dr. Orgeron participated in the training of staff and providers but deny any implication that this training was for any fraudulent purpose.

21. With respect to paragraph 21, Defendants admit the allegations in the first, second, and fourth sentences. Defendants deny the allegations in the third sentence and dispute that any fraud took place and that any unnecessary medical services were provided. Defendants admit only that Dr. Perdomo participated in the training of staff and providers but deny any implication that this training was for any fraudulent purpose. Defendants deny the allegations in the fifth sentence for lack of knowledge or information sufficient to form a belief as to its truth.

## Regulatory Framework

### I. The Medicaid Program

22. With respect to paragraph 22, Defendants admit the allegations contained therein.

23. With respect to paragraph 23, Defendants admit the allegations contained therein.

24. With respect to paragraph 24, Defendants admit the allegations contained therein.

25. With respect to paragraph 25, Defendants admit the allegations contained therein.

26. With respect to paragraph 26, Defendants admit the allegations contained therein.

27. With respect to paragraph 27, Defendants admit the allegations contained therein.

28. With respect to paragraph 28, Defendants admit the allegations contained therein.

29. With respect to paragraph 29, Defendants admit the allegations contained therein.

30. With respect to paragraph 30, Defendants admit the allegations contained therein.

## II. Louisiana Medicaid

31. With respect to paragraph 31, Defendants admit the allegations contained therein.

32. With respect to paragraph 32, Defendants admit the allegations contained therein.

33. With respect to paragraph 33, Defendants admit the allegations contained therein.

34. With respect to paragraph 34, Defendants admit the allegations contained therein.

35. With respect to paragraph 35, Defendants admit the allegations contained therein.

36. With respect to paragraph 36, Defendants admit the allegations contained therein.

37. With respect to paragraph 37, Defendants admit the allegations contained therein.

38. With respect to paragraph 38, Defendants admit the allegations contained therein.

39. With respect to paragraph 39, Defendants admit the allegations contained therein.

40. With respect to paragraph 40, Defendants admit the allegations contained therein.

## III. Mississippi Medicaid

41. With respect to paragraph 41, Defendants admit the allegations contained therein.

42. With respect to paragraph 42, Defendants admit the allegations contained therein.

43. With respect to paragraph 43, Defendants admit the allegations contained therein.

44. With respect to paragraph 44, Defendants admit the allegations contained therein.

45. With respect to paragraph 45, Defendants admit the allegations contained therein.

46. With respect to paragraph 46, Defendants admit the allegations contained therein.

## IV. The Medicare Program

47. With respect to paragraph 47, Defendants admit the allegations contained therein.

48. With respect to paragraph 48, Defendants admit the allegations contained therein.

49. With respect to paragraph 49, Defendants admit the allegations contained therein.

50. With respect to paragraph 50, Defendants admit the allegations contained therein.

51. With respect to paragraph 51, Defendants admit the allegations contained therein.

52. With respect to paragraph 52, Defendants admit the allegations contained therein.

53. With respect to paragraph 53, Defendants admit the allegations contained therein.

54. With respect to paragraph 54, Defendants admit the allegations contained therein.

55. With respect to paragraph 55, Defendants admit the allegations contained therein.

56. With respect to paragraph 56, Defendants admit the allegations contained therein.

57. With respect to paragraph 57, Defendants admit the allegations contained therein.

58. With respect to paragraph 58, Defendants admit the allegations contained therein.

## V. The TRICARE Program

59. With respect to paragraph 59, Defendants admit the allegations contained therein.

60. With respect to paragraph 60, Defendants admit the allegations contained therein.

61. With respect to paragraph 61, Defendants admit the allegations contained therein.

62. With respect to paragraph 61, Defendants admit the allegations contained therein.

## Applicable Law

### I. The False Claims Act

63. With respect to paragraph 63, Defendants admit the allegations contained therein.

64. With respect to paragraph 64, Defendants admit the allegations contained therein.

65. With respect to paragraph 65, Defendants admit the allegations contained therein.

### II. Louisiana's Medical Assistance Program Integrity Law

66. With respect to paragraph 66, Defendants admit the allegations contained therein.

67. With respect to paragraph 67, Defendants admit the allegations contained therein.

## Specific Allegations

### I. Dimitri's Knowledge and Control

68. Defendants admit that Dr. Dimitri is a Doctor of Osteopathy and that she is not board-certified by the American Board of Medical Specialties ("AMBS"). Defendants deny that Dr. Dimitri is not otherwise certified and aver that she is board-certified by the American Board of Physician Specialties ("ABPS"). Defendants admit that Dr. Mehdi Mosadegh is the only American Board of Medical Specialties board certified dermatologist currently working in any of Dimitri Dermatology's thirteen clinics. Defendants deny any remaining allegations in this paragraph.

69. With respect to paragraph 69, Defendants admit the allegations contained therein.

70. The allegations in paragraph 70 are denied as stated. As to the first sentence, Defendants admit only that Dr. Dimitri was involved in the hiring and training of new practitioners in collaboration with other providers. As to the second sentence, Defendants admit only that Dr. Dimitri is available to answer questions regarding daily operations of the clinic but deny that she herself is generally involved with day-to-day operations which are entrusted to other staff

members. Neither does Dr. Dimitri closely control the billing department, nor does she orchestrate audit responses, prevent physicians and midlevel providers from reviewing claims submitted for their services, or routinely access medical records after the clinics were closed. Defendants admit only that Dr. Dimitri held regular meetings with the management of her other companies and other clinic operators and that she sometimes visited the other clinic locations.

71. The allegations in paragraph 71 are denied as stated. Defendants admit only that Dimitri hired providers with varying levels of experience in dermatology with some having more experience than others as is typical in any field. Defendants deny that any contractors or employees were trained to perform medically unnecessary services or to upcode for any procedures or services.

72. The allegations in paragraph 72 are denied as stated. Defendants deny the allegations in the first sentence of paragraph 72 that Dr. Dimitri was a party to any conversation involving an oversimplification of the difference between CPT codes 10040 and 10060. Defendants deny that Dr. Dimitri ever instructed any providers to submit any improper bills or upcode for any procedures or services. Defendants deny the allegations in the second sentence of paragraph 72.

73. The allegations in paragraph 73 are denied as stated. Defendants admit only that new midlevel providers sometimes trained with Dr. Dimitri for some period of time. However, the training of each new contractor differed from person to person based on their needs and experience. Defendants admit that new providers often relied on the guidance of more-senior practitioners as would be true in any field but deny that this training was for any fraudulent purpose.

74. The allegations in paragraph 74 are denied as stated.

75. The allegations in paragraph 75 are denied as stated. As to the first sentence, providers were only trained to administer services that are medically necessary and beneficial to each particular patient. As to the second sentence, providers were only trained to use CPT code 10060 when such designation was justified.

76. The allegations in paragraph 76 are denied as stated.

77. With respect to the allegations in paragraph 77, Defendants admit only that Constance Smallwood became the Member/Manager for the various entities named herein. However, Defendants deny that this was for any fraudulent or improper purpose.

78. The allegations in paragraph 78 are admitted only to the extent that they constitute partial quotations to the CID responses.

79. With respect to paragraph 79, Defendants admit the allegations contained therein.

80. The allegations in paragraph 80 are denied as stated.

## II. The Fraudulent Scheme

### A. Phototherapy and Photochemotherapy

81. The allegations in paragraph 81 are denied as stated. Dr. Dimitri never instructed any individuals to submit false claims for payment, nor did she direct, give guidance, or have knowledge that providers at Dimitri Dermatology performed medically unnecessary procedures. Furthermore, Defendants deny committing any wrongdoing or submitting any false claims for payment. The Defendants admit only that the majority of all claims submitted by Dimitri Dermatology were under either Dimitri Dermatology's organizational NPI or TIN for the relevant dates.

82. With respect to paragraph 82, Defendants admit the allegations contained therein.

83. The allegations in paragraph 83 are denied as stated. Phototherapy and photochemotherapy can be used as an adjunct treatment or therapy as part of a larger treatment plan and are beneficial to patients when administered less frequently than two to three times per week.

84. With respect to paragraph 84, Defendants admit the allegations therein.

85. With respect to paragraph 85, Defendants deny the allegations as stated. Defendants admit only that different patients may, but do not necessarily, require different broadband UVB light doses.

86. With respect to paragraph 86, Defendants deny the allegations as stated. Defendants admit only that the medical records of different patients may sometimes reflect different UVB light doses based on their particular needs.

87. With respect to paragraph 87, Defendants deny the allegations as stated. Defendants admit only that the irradiance of light and the desired dose are factors in determining the length of time that light therapy should be administered.

88. Defendants admit the allegations in paragraph 88 only to the extent that they reflect a paraphrase of the 2023 CID response. Defendants deny any remaining allegations in this paragraph.

89. With respect to paragraph 89, Defendants deny the allegations as stated. Defendants deny that Dr. Dimitri ever directed, guided, or had knowledge of providers improperly administering light therapy.

a. Defendants deny the allegations contained in paragraph 89.a. for lack of knowledge or information sufficient to form a belief as to their truth.

b. Defendants deny the allegations contained in paragraph 89.b. for lack of knowledge or information sufficient to form a belief as to their truth.

c. Defendants deny the allegations contained in paragraph 89.c. for lack of knowledge or information sufficient to form a belief as to their truth.

d. Defendants deny the allegations contained in paragraph 89.d. for lack of knowledge or information sufficient to form a belief as to their truth.

e. Defendants deny the allegations contained in paragraph 89.e. for lack of knowledge or information sufficient to form a belief as to their truth.

90. With respect to paragraph 90, Defendants deny the allegations as stated. Defendants deny that any claims were submitted for unnecessary photochemotherapy procedures. Defendants deny the allegations in the table appended to paragraph 90 for lack of knowledge or information sufficient to form a belief as to their truth.

91. With respect to paragraph 91, Defendants deny the allegations as stated. Defendants deny that any claims were submitted for unnecessary phototherapy procedures. Defendants deny the allegations in the table appended to paragraph 91 for lack of knowledge or information sufficient to form a belief as to their truth.

92. With respect to paragraph 92, Defendants deny the allegations as stated. Dimitri Dermatology did not have a practice of repeatedly performing light therapy at subtherapeutic doses and at subtherapeutic intervals, nor did Dr. Dimitri or Dimitri Dermatology perform procedures or provide services without regard for medical necessity or efficacy.

93. With respect to paragraph 93, Defendants deny the allegations as stated. Defendants deny that any claims were submitted for unnecessary light therapy procedures administered outside

of the therapeutic window. Defendants deny the remainder of the allegations paragraph 93 for lack of knowledge or information sufficient to form a belief as to their truth.

94. With respect to paragraph 94, Defendants deny the allegations as stated. Defendants deny that any claims were submitted for unnecessary light therapy procedures performed outside of the therapeutic window. Defendants deny the remainder of the allegations paragraph 94 for lack of knowledge or information sufficient to form a belief as to their truth.

95. With respect to paragraph 95, Defendants deny the allegations as stated. Defendants deny that any claims were submitted for unnecessary light therapy procedures performed outside of the therapeutic window. Defendants deny the remainder of the allegations paragraph 95 for lack of knowledge or information sufficient to form a belief as to their truth.

**B. The Dimitri Bundle**

96. With respect to paragraph 96, Defendants deny the allegations as stated. As to the first sentence of paragraph 96, Defendants admit only that some acne patients received glycolic acid peels, phototherapy, and abscess drainage when indicated and necessary. Defendants deny any knowledge of the phrase "the Dimitri Dermatology Bundle."

97. With respect to paragraph 97, Defendants deny the allegations as stated. Defendants only admit that providers, acting on their own behalf, sometimes billed for CPT codes 96900 and 10060 with E&M Modifier 25 when indicated and necessary. Defendants deny any fraudulent or improper billing. Furthermore, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the unattributed quote in the second sentence of paragraph 97.

98. With respect to paragraph 98, Defendants deny the allegations as stated. Defendants admit only that providers performed phototherapy when indicated and necessary and that pruritis is one indicator of phototherapy. Defendants deny all other allegations in paragraph 98.

99. With respect to paragraph 99, Defendants deny the allegations as stated. Defendants admit only that providers performed incision and drainage procedures when indicated and necessary. Defendants deny any fraudulent or improper billing. Furthermore, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the unattributed quotes in the second sentence of paragraph 99.

100. Defendants admit the allegations in the first and second sentences of paragraph 100. Defendants deny the allegations in the third sentence of paragraph 100 as stated.

101. Defendants admit the allegations in the first and second sentences of paragraph 101. Defendants deny the allegations in the third and fourth sentences and dispute that phototherapy is only effective to treat pruritis if performed two to three times per week in increasing intensity.

102. Defendants admit the allegations in paragraph 102.

103. Defendants admit the allegations in paragraph 103.

104. Defendants admit the allegations in paragraph 104.

105. Defendants admit the allegations in paragraph 105.

106. As to paragraph 106, Defendants admit only that the allegations reflect an accurately transcribed quotation.

107. As to paragraph 107, Defendants admit only that the allegations reflect an accurately transcribed quotation.

108. Defendants deny the allegations in paragraph 108 and assert that Medicare, Tricare, and Mississippi Medicaid reimburse for CPT code 10040.

109. Defendants deny the allegations in paragraph 109 as stated. Defendants deny any false billing under CPT code 10060.

a. Defendants deny the allegations contained in paragraph 109.a. for lack of knowledge or information sufficient to form a belief as to their truth.

b. Defendants deny the allegations contained in paragraph 109.b. for lack of knowledge or information sufficient to form a belief as to their truth.

c. Defendants deny the allegations contained in paragraph 109.c. for lack of knowledge or information sufficient to form a belief as to their truth.

d. Defendants deny the allegations contained in paragraph 109.d. for lack of knowledge or information sufficient to form a belief as to their truth.

e. Defendants deny the allegations contained in paragraph 109.e. for lack of knowledge or information sufficient to form a belief as to their truth.

f. Defendants deny the allegations contained in paragraph 109.f. for lack of knowledge or information sufficient to form a belief as to their truth.

110. With respect to paragraph 110, Defendants deny the allegations as stated. Defendants deny the allegations in the table appended to paragraph 110 for lack of knowledge or information sufficient to form a belief as to their truth.

111. With respect to paragraph 111, Defendants deny the allegations as stated. Dimitri Dermatology did not have a practice of providing unnecessary or nontherapeutic phototherapy or incision and drainage procedures, nor did Dr. Dimitri or any other Defendant instruct providers to perform any unnecessary procedures or submit any fraudulent claims for reimbursement.

112. With respect to paragraph 112, Defendants deny the allegations as stated for lack of knowledge or information sufficient to form a belief as to their truth.

113. With respect to paragraph 113, Defendants deny the allegations as stated. Defendants deny that any unnecessary claims were submitted under CPT code 10060. Defendants

deny the remaining allegations in paragraph 113 for lack of knowledge or information sufficient to form a belief as to their truth.

**C. False Documentation and Upcoding**

114. With respect to paragraph 114, Defendants deny the allegations as stated. Defendants deny that any false claims for E&M visits appended by Modifier 25 were submitted. Defendants deny that Dr. Dimitri or Dimitri Dermatology ever instructed, directed, guided, or had knowledge of any physicians or mid-level providers supplementing medical records with false diagnoses not pertinent to their visits or that otherwise embellished the nature and extent of any patient visit.

115. With respect to paragraph 115, Defendants deny the allegations as stated. Defendants admit only that pruritis was listed on patient records as a qualifying symptom where indicated and appropriate.

116. With respect to paragraph 116, Defendants deny the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

117. With respect to paragraph 117, Defendants deny the allegations as stated.

118. With respect to paragraph 118, Defendants deny the allegations as stated.

119. With respect to paragraph 119, Defendants deny the allegations as stated.

a. Defendants deny the allegations in paragraph 119.a. for lack of knowledge or information sufficient to form a belief as to their truth.

b. Defendants deny the allegations in paragraph 119.a. for lack of knowledge or information sufficient to form a belief as to their truth.

c. Defendants deny the allegations in paragraph 119.a. for lack of knowledge or information sufficient to form a belief as to their truth.

d. Defendants deny the allegations in paragraph 119.a. for lack of knowledge or information sufficient to form a belief as to their truth.

e. Defendants deny the allegations in paragraph 119.a. for lack of knowledge or information sufficient to form a belief as to their truth.

f. Defendants deny the allegations in paragraph 119.a. for lack of knowledge or information sufficient to form a belief as to their truth.

g. Defendants deny the allegations in paragraph 119.a. for lack of knowledge or information sufficient to form a belief as to their truth.

## III. Specific False Statements, False Records, and False Claims

120. Defendants deny the allegations in paragraph 120 as stated. As to the first sentence, Defendants deny the submission of any false or fraudulent claims. To the extent that the second and third sentences require a response, Defendants deny the allegations therein.

### A. Defendant Dimitri

121. With respect to paragraph 121, Defendants deny the allegations as stated. As to the first sentence, Defendants deny the existence of any fraud and therefore necessarily deny that Dr. Dimitri “spearheaded” any such fraud. Defendants deny the allegations in the second sentence for lack of knowledge of information sufficient to form a belief as to their truth.

122. With respect to paragraph 122, Defendants deny the allegations as stated and deny the submission of any false claims to Louisiana Medicaid for phototherapy and photochemotherapy.

123. With respect to paragraph 123, Defendants deny the allegations as stated and deny the submission of any false claims to Mississippi Medicaid for phototherapy and photochemotherapy.

124. With respect to paragraph 124, Defendants deny the allegations as stated and deny the submission of any false claims to Louisiana Medicaid for incision and drainage procedures.

125. With respect to paragraph 125, Defendants deny the allegations as stated and deny the submission of any false claims to Mississippi Medicaid for incision and drainage procedures.

126. With respect to paragraph 126, Defendants deny the allegations as stated and deny the creation false records or submission of false claims.

a. Defendants deny the allegations in paragraph 126.a. for lack of knowledge or information sufficient to form a belief as to their truth.

b. Defendants deny the allegations in paragraph 126.b. for lack of knowledge or information sufficient to form a belief as to their truth.

**B. Defendant Orgeron**

127. With respect to paragraph 127, Defendants deny the allegations as stated and deny the administration of unnecessary medical services or the existence of any fraudulent claims submitted to government payors. Defendants admit only that some new mid-level providers would shadow Dr. Orgeron.

128. With respect to paragraph 128, Defendants deny the allegations as stated and deny the submission of any false claims to Louisiana Medicaid for phototherapy and photochemotherapy.

129. With respect to paragraph 129, Defendants deny the allegations as stated and deny the submission of any false claims to Mississippi Medicaid for phototherapy and photochemotherapy.

130. With respect to paragraph 130, Defendants deny the allegations as stated and deny the submission of any false claims to Louisiana Medicaid for incision and drainage procedures.

131. With respect to paragraph 131, Defendants deny the allegations as stated and deny the submission of any false claims to Mississippi Medicaid for incision and drainage procedures.

132. With respect to paragraph 132, Defendants deny the allegations as stated and deny the creation false records or submission of false claims.

a. Defendants deny the allegations in paragraph 132.a. for lack of knowledge or information sufficient to form a belief as to their truth.

b. Defendants deny the allegations in paragraph 132.b. for lack of knowledge or information sufficient to form a belief as to their truth.

c. Defendants deny the allegations in paragraph 132.c. for lack of knowledge or information sufficient to form a belief as to their truth.

**C. Defendant Perdomo**[2]

133. With respect to paragraph 133, Defendants deny the allegations as stated and deny the administration of unnecessary medical services or the existence of any fraudulent claims submitted to government payors. Defendants admit only that some new mid-level providers would shadow Dr. Perdomo and he would assist with treatment if such treatment was outside the scope of a mid-level provider.

134. With respect to paragraph 134, Defendants deny the allegations as stated and deny the submission of any false claims to Louisiana Medicaid for phototherapy and photochemotherapy.

135. With respect to paragraph 135, Defendants deny the allegations as stated and deny the submission of any false claims to Mississippi Medicaid for phototherapy and photochemotherapy.

---

[2] The Complaint mistakenly titled this subheading "B. Defendant Perdomo".

136. With respect to paragraph 136, Defendants deny the allegations as stated and deny the submission of any false claims to Louisiana Medicaid for incision and drainage procedures.

137. With respect to paragraph 137, Defendants deny the allegations as stated and deny the submission of any false claims to Mississippi Medicaid for incision and drainage procedures.

138. With respect to paragraph 138, Defendants deny the allegations as stated and deny the creation of false records or submission of false claims.

a. Defendants deny the allegations in paragraph 138.a. for lack of knowledge or information sufficient to form a belief as to their truth.

b. Defendants deny the allegations in paragraph 138.b. for lack of knowledge or information sufficient to form a belief as to their truth.

**Count I**
**Violations of 31 U.S.C. § 3729(a)(1)(A)**

119.[3]

With respect to paragraph 119, Defendants repeat and reallege all prior answers and responses set forth above in paragraphs 1-138 of the Complaint, as if fully set forth herein.

120.

With respect to paragraph 120, Defendants deny the allegations thereof.

**Count II**
**Violations of 31 U.S.C. § 3729(a)(1)(B)**

121.

With respect to paragraph 121, Defendants repeat and reallege all prior answers and responses set forth above in paragraphs 1-138 of the Complaint, as if fully set forth herein.

---

[3] The Complaint mistakenly departs here from the paragraph numbering scheme utilized in the prior 138 paragraphs. This Answer will conform to the numbering scheme used in the Complaint.

122.

With respect to paragraph 122, Defendants deny the allegations thereof.

**Count III**

**Conspiracy to Violate 31 U.S.C. § 3729(a)(1)(A) and (B)**

123.

With respect to paragraph 123, Defendants repeat and reallege all prior answers and responses set forth above in paragraphs 1-138 of the Complaint, as if fully set forth herein.

124.

With respect to paragraph 124, Defendants deny the allegations thereof.

**Count IV**

**Violations of La. R.S. 46:438.3(A)**

125.

With respect to paragraph 125, Defendants repeat and reallege all prior answers and responses set forth above in paragraphs 1-138 of the Complaint, as if fully set forth herein.

126.

With respect to paragraph 126, Defendants deny the allegations thereof.

**Count V**

**Violations of La. R.S. 46:438.3(B)**

127.

With respect to paragraph 127, Defendants repeat and reallege all prior answers and responses set forth above in paragraphs 1-138 of the Complaint, as if fully set forth herein.

128.

With respect to paragraph 128, Defendants deny the allegations thereof.

**Count VI**

**Violations of La. R.S. 46:438.3(D)**

129.

With respect to paragraph 129, Defendants repeat and reallege all prior answers and responses set forth above in paragraphs 1-138 of the Complaint, as if fully set forth herein.

130.

With respect to paragraph 130, Defendants deny the allegations thereof.

**Count VII**

**Violations of La. R.S. 46:438.3(E)**

131.

With respect to paragraph 131, Defendants repeat and reallege all prior answers and responses set forth above in paragraphs 1-138 of the Complaint, as if fully set forth herein.

132.

With respect to paragraph 132, Defendants deny the allegations thereof.

**Count VIII**

**Unjust Enrichment**

133.

With respect to paragraph 133, Defendants repeat and reallege all prior answers and responses set forth above in paragraphs 1-138 of the Complaint, as if fully set forth herein.

134.

With respect to paragraph 134, Defendants deny the allegations thereof.

**Count IX**

**Payment by Mistake**

135.

With respect to paragraph 135, Defendants repeat and reallege all prior answers and responses set forth above in paragraphs 1-138 of the Complaint, as if fully set forth herein.

136.

With respect to paragraph 136, Defendants deny the allegations thereof.

## PRAYER FOR RELIEF

Defendants deny all damages and relief claimed in the Complaint. The Complaint should be dismissed in its entirety, and nothing should be taken thereby.

## AFFIRMATIVE DEFENSES

Defendants set forth below their affirmative defenses. Each defense is asserted as to all claims against Defendants. By setting forth these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.

### FIRST AFFIRMATIVE DEFENSE

Each claim in the First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The First Amended Complaint and each purported cause of action set forth therein fails to comply with Fed. R. Civ. P. 9(b) in that the allegations are not stated with particularity.

THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over some or all of the allegations made by Plaintiffs under the False Claims Act pursuant to 31 U.S.C. § 3730(e)(4) because (1) the claims, allegations, and transactions described in the First Amended Complaint were "publicly disclosed" prior to the filing and/or unsealing of the lawsuit and (2) Plaintiffs are not an "original source" of the information as defined by 31 U.S.C. § 3730(e)(4)(A), (B).

FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because Defendants' alleged conduct did not violate the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, or Louisiana's Medical Assistance Program Integrity Law, La. R.S. 46:437.1, *et seq.*

FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they seek to impose on Defendants obligations that are inconsistent with, or in excess of, those imposed by existing law and regulation in effect during the time period of the conduct alleged in the First Amended Complaint.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because any claims or statements that were allegedly intended, made, or caused to be made by Defendants were not false or fraudulent for purposes of the False Claims Act.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendants did not cause and could not have caused the submission of any claim or statement that was false or fraudulent for purposes of the False Claims Act. The formulation and submission of any claims or statement, and any damages alleged

by Plaintiffs, if any, are the result of acts or omissions committed by third persons, including agents of the government and agents of Plaintiffs, over whom Defendants had neither control nor responsibility, and whose actions cannot be imputed to Defendants.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, because Defendants did not act knowingly, willfully, intentionally or recklessly.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred because Defendants' conduct was not and would not be material to any alleged payment or receipt of money or property in connection with any alleged false or fraudulent claim or statement.

TENTH AFFIRMATIVE DEFENSE

Defendants are entitled to an offset for all amounts the United States has received for any alleged losses which gave rise to this lawsuit.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the United States was fully informed of and approved any intended or actual payments at issue.

TWELTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the truth of some or all of the matters now alleged to be the subject of any intended or actual false or misleading statements, acts, or omissions was available or disclosed to the United States, was publicly disclosed, or was in the public domain.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and repose.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under such equitable doctrines as the evidence demonstrates, including but not limited to the doctrines of estoppel, unclean hands, laches, and waiver.

FIFTEENTH AFFIRMATIVE DEFENSE

Any award of statutory or punitive damages and/or penalties in excess of any actual damages suffered by the United States violates the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Relators or the United States obtain, or are barred from, recovery in any other case predicated on the same factual allegations, they are barred from seeking recovery against Defendants pursuant to the doctrines of claim preclusion and issue preclusion, the entire controversy doctrine, and the prohibitions on double recovery for the same injury.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they violate Defendants' rights under the Due Process and Ex Post Facto clauses of the United States Constitution, insofar as they seek to impose liability retroactively for conduct that is not prohibited by federal statutes or regulations.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in party, because they concern claims that Relator expressly released and dismissed, and that are no longer properly before this Court.

NINETEENTH AFFIRMATIVE DEFENSE

The qui tam provisions of the False Claims Act under which this action is brought are invalid and unenforceable because the violate the United States Constitution, including without limitation Article II, section 2, clause 2; Article III; the doctrine of separation of powers; the take care clause; and the appointments clause.

TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because of a failure to mitigate any damages purportedly suffered as a result of the conduct alleged in the Complaint.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of *in pari delicto*.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they are frivolous, vexations, and brought with the intent to harass Defendants.

**JURY DEMAND**

Defendants hereby request a jury on all claims triable by jury.

WHEREFORE, Defendants respectfully request that this Court:

i. Enter judgment in favor of Defendants on all of Plaintiffs' claims and dismiss the Complaint with prejudice;

ii. Award Defendants their costs, expenses, and attorneys' fees for the defense of this Complaint;

iii. Award Defendants such other relief as the Court deems just and proper.

-*Signatures to follow on subsequent page*-

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/James Walter Frazer Green*

James Walter Frazer Green Bar Roll No. 27812
Emma C. Looney Bar Roll No. 40434
II City Plaza | 400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: walt.green@phelps.com

ATTORNEYS FOR DEFENDANT E.M. DIMITRI D.O. PMC D/B/A DIMITRI DERMATOLOGY; AMERICAN SUPPORT SERVICES, LLC; MISSISSIPPI DERMATOLOGY, LLC; MISSISSIPPI SUPPORT SOLUTIONS, LLC; PRECISION BILLING SERVICES, LLC; REGIONAL SUPPORT SERVICES; LLC; SHAPIRO DIMITRI MEDICAL, LLC; THE DIMITRI CLINICS, LLC; AND ELIZABETH DIMITRI, D.O.;

Respectfully submitted,

**CAPITELLI & WICKER**

BY: */s/ Brian J. Capitelli*

Brian J. Capitelli Bar Roll No. 27398
1100 Poydras St., Suite 2950
New Orleans, Louisiana 70163
brian@capitelliandwicker.com

ATTORNEY FOR DEFENDANTS DERMATOLOGIC CENTERS OF AMERICA, LLC; THOMAS ORGERON, M.D.; AND JOEL PERDOMO, M.D.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was electronically filed with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record. I further certify that a copy of the foregoing was served upon known counsel of record for all parties by electronic mail, this 15th day of May, 2025.

BY: *_/s/James Walter Frazer Green_*
James Walter Frazer Green # 27812