**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **United States of America and the State of Louisiana,**<br><br>**Plaintiffs,**<br><br>***ex rel*. Jessica Albores, Marie Ford, and Margaret Whiteman, individually,**<br><br>**v.**<br><br>**E.M. Dimitri D.O. PMC d/b/a Dimitri Dermatology; American Support Services, LLC; Dermatologic Centers of America, LLC; Mississippi Dermatology, LLC; Mississippi Support Solutions, LLC; Precision Billing Services, LLC; Regional Support Services, LLC; Shapiro Dimitri Medical, LLC; The Dimitri Clinics, LLC; Elizabeth Dimitri, D.O.; Thomas Orgeron, M.D.; and Joel Perdomo, M.D., Defendants.** | **Civil Action No. 18-cv-06936**<br><br>**Section "H" (3)**<br><br>**Judge Milazzo**<br><br>**Magistrate Judge Dossier** |

STIPULATED PROTECTIVE ORDER AND FED. R. EVID. 502(d) ORDER

Plaintiffs United States of America and State of Louisiana (collectively, "Government Plaintiffs"), Relators Albores, Ford, and Whiteman (collectively, "Relators") and all Defendants jointly consent and stipulate to the entry of this Stipulated Protective Order and Fed. R. Evid. 502(d) Order. The Court, having found that good cause exists for the entry of this Stipulated Protective Order and Fed. R. Evid. 502(d) Order, hereby **ORDERS** as follows:

## A. DEFINITIONS

1. "Discovery Materials" mean documents, information, or other materials produced or adduced in the course of discovery in this litigation, including initial disclosures; responses to subpoenas, interrogatories, and requests for production; deposition testimony and exhibits; and information derived therefrom.

2. "Parties" means Government Plaintiffs, including any agencies and employees; Relators; Defendants; and the attorneys for any plaintiff, relator, or defendant in this matter.

3. "Producing Party" means: (i) a Party to this litigation, including their attorneys, who is producing Discovery Materials in response to a discovery request served in this action or pursuant to the Federal Rules of Civil Procedure, a court order, or a local rule of the Court; or (ii) a person or their counsel who is producing Discovery Materials in response to a subpoena served in connection with this action.

4. "Protected Information" means documents, information, or other materials that are asserted to be entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure; the Privacy Act, 5 U.S.C. § 522a; or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its implementing regulations and that have been designated as subject to this Order by the Producing Party.

## B. PRODUCTION OF PROTECTED INFORMATION

### 1. Designation of Discovery Materials with Protected Information

a. If a Producing Party has a good-faith belief that certain Discovery Materials are responsive to discovery requests but are otherwise entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure; the Privacy Act, 5 U.S.C. § 522a; or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its implementing regulations,

the Producing Party may designate such materials as subject to this Order by marking them in accordance with Paragraph B.2. The grounds for designating Discovery Material as subject to this Order include, without limitation:

i. information prohibited from disclosure by statute, regulation, rule, or other law;

ii. medical information concerning any individual;

iii. personal identity information;

iv. income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or

v. personnel or employment records of an individual.

b. Information or documents that are available to the public may not be designated as subject to this Order or as containing Protected Information.

c. A Producing Party may revoke its designation of Discovery Materials as being subject to this Order by providing a copy of such Discovery Materials that is not marked in accordance with Paragraph B.2. The Producing Party must revoke its designation of Discovery Materials as subject to this Order if it intends to use the materials in litigation and it determines that the materials do not contain Protected Information.

**2. Marking of Discovery Materials as Subject to this Order**. To designate paper documents, image files, or tangible things as subject to this Order, the Producing Party shall mark each page, image, or thing with the words "PROTECTED INFORMATION SUBJECT TO PROTECTIVE ORDER." For image files, including placeholders, these words must be branded onto the image (as opposed to an overlay) and must be positioned to avoid obscuring parts of the image that are not blank.

**3. Disclosure of Protected Information**. Except as stated in the subparagraphs below, or as otherwise ordered by the Court, the Parties shall not disclose Protected Information to any other person.

a. **Disclosures Pursuant to Signed Attachment**. The Parties may disclose or permit the disclosure of Protected Information to persons within the categories listed below, provided that each person receiving the disclosure signs Attachment A, "Acknowledgment of Understanding and Agreement to Be Bound." Counsel shall retain all signed acknowledgments for a period of three years after the termination of the litigation, including all appeals, and need not produce such acknowledgments unless the requesting person provides prima facie evidence of a violation of this Order.

i. Consultants, investigators, or experts employed or retained by the Parties or counsel for the Parties in order to assist with the preparation and trial of this action;

ii. Persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored information; and

iii. Witnesses in this action to whom disclosure is reasonably necessary may receive a copy of documents containing Protected Information during their deposition and for the purpose of reviewing their transcript, but such witnesses may not retain a copy of any documents containing Protected Information.

b. **Disclosures Without Signed Attachment**. The Parties may disclose or permit the disclosure of Protected Information to persons within the categories listed below without the requirement to sign Attachment A:

i. Individual Parties and employees of a Party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary (1) to conduct the litigation in which the information is disclosed, or (2) to a federal law enforcement investigation;

ii. Counsel for the parties and employees of counsel who have responsibility for this litigation, including (but not limited to) paid or unpaid, temporary or permanent law clerks, paralegals, and administrative or clerical personnel;

iii. The Court and its personnel;

iv. Court reporters and recorders engaged for depositions;

v. The author or recipient of the document, but not including a person who received the document in the course of litigation; and

vi. Other persons, but only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

**4. Use of Protected Information**. Except as stated below, neither the Parties nor any third party contemplated by Paragraph B.3.a or B.3.b of this Order shall use Protected Information for any purpose other than this litigation or settlement discussions regarding this litigation.

a. The Parties may use information as authorized by an order of this Court.

b. The United States may use Protected Information for law enforcement purposes and may, notwithstanding any other provision of this agreement, disclose Protected Information to law enforcement agencies.

**5. Procedures Regarding Protected Information**

a. **Control of Documents**. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure or use of Protected Information.

b. **Depositions**

i. All deposition testimony taken in this case shall be treated as Protected Information from the time that the deposition begins until thirty days after the transcript is delivered in draft or final form to each Party that has ordered a copy, unless the Parties in attendance at the deposition agree, on the record or in writing, to a shorter time period.

ii. Prior to the expiration of the time period provided in Paragraph B.5.b.i, any party may serve a Notice of Designation to all Parties identifying the specific portions of the transcript that are designated Protected Information. After the time period provided in Paragraph B.5.b.i expires, only those portions of the transcript identified in a Notice of Designation will continue to be Protected Information under this Order, unless otherwise ordered by the Court.

iii. Notwithstanding anything to the contrary in this Paragraph, a Party may disclose prior deposition testimony to a witness during his or her deposition in accordance with Paragraph B.3.a.iii.

c. **Filing of Protected Information**. This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file Protected Information in connection with a motion, brief, or other submission to the Court must comply with the Court's Administrative Procedures.[1] Any document sought to be filed under seal must comply with E.D. La. General Order, "Filing Documents under Seal," dated July 26, 2006.[2]

d. **Use of Protected Information at a Trial or Hearing**. A Party that intends to present or that anticipates that another Party may present Protected Information at a hearing or

---

[1] The Administrative Procedures for Filing Electronic Documents in the United States District Court for the Eastern District of Louisiana can be located at the Court's website, http://www.lamd.uscourts.gov, under "E-Filing," "CM/ECF – Electronic Filing," "Administrative Procedures for Electronic Case Filings and Unique Procedures and Practices for Electronic Filings." *See* Rules 6,11 at pp. 3, 5–6.

[2] https://www.laed.uscourts.gov/attorney-information/rules-and-orders/general-orders.

trial shall bring that issue to the Court's and the Parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the trial or hearing.

**6. Inadvertent Failure to Designate**. An inadvertent failure to designate Discovery Materials as Protected Information does not, standing alone, waive the right to so designate the Discovery Materials; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a Producing Party designates a document as Protected Information after it was initially produced, the other Parties, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order, and the Producing Party shall provide replacement documents marked in accordance with Paragraph B.2. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Protected Information. If a Party identifies a document (not previously marked or identified as Protected Information) that appears on its face or in light of facts known to the Party to contain Protected Information of any person, the Party identifying the information is under a good-faith obligation to notify the Producing Party and the interested person of the disclosure. Such notification does not waive the identifying Party's ability to subsequently challenge any assertion that the document contains Protected Information. If the Producing Party or other interested person wishes to assert that the document contains Protected Information, it shall provide such notice and replacement copies endorsed in compliance with this Order.

**7. Challenges to Designations**. The designation of any Discovery Materials as Protected Information is subject to challenge by any Party, as follows:

a. **Meet and Confer**. A Party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party. In conferring, the challenging Party must explain the basis for its belief that the designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the designation, and if no change in designation is offered, to explain the basis for the designation. The Producing Party must respond to the challenge within fourteen (14) business days.

b. **Judicial Resolution**. If, after satisfying the requirements of Paragraph B.7.a of this Order, a Party elects to challenge a designation, that Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a certification of counsel that affirms that the movant has complied with the meet and confer requirements of Paragraph B.7.a of this Order. The Producing Party shall bear the burden of persuasion in any such challenge proceeding; provided, however, that a person in interest may seek to intervene in accordance with the Federal Rules of Civil Procedure. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Information under the terms of this Order.

**8. Effect of This Order**.

a. This Order constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11); the Health Insurance Portability and Affordability Act of 1996 (HIPAA) and its implementing regulations, 45 C.F.R. § 164.512(a), (e)(1)(i); and the Trade Secrets Act, 18 U.S.C. § 1905.

b. Except on privilege grounds not addressed by this Order, no person may withhold documents, information, or other materials from discovery in this litigation on the ground

that they require protection greater than that accorded by this Order, unless that person moves for an order providing such special protection.

c. Nothing in this Order prohibits the United States from using or disclosing, for purposes other than this litigation, documents or information that the United States has obtained outside this litigation.

d. Nothing in this Order or any action or agreement of a Party limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

e. Nothing in this Order may be construed or presented as a final judicial determination that any Protected Information is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**9. Documents Requested or Demanded by Non-Parties**.

a. If the United States is served with a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or any Party is served with a discovery request or subpoena issued in other litigation that seeks documents, electronically stored information, or other material designated as Protected Information by another Producing Party, the Party served with the request must, within ten (10) days of determining that the request seeks Protected Information:

i. Notify the Producing Party and provide a copy of the request; and

ii. Inform the person responsible for the FOIA or discovery request or subpoena of this Order and provide them with a copy of this Order.

b. The Parties shall not produce Protected Information in response to any FOIA or discovery request or other request or demand except in compliance with this Order (e.g.,

with the consent of the Producing Party), a directive of this Court removing the designation of Protected Information, or a lawful directive of another court.

c. Nothing in this Order prohibits a Party from filing a motion with this Court seeking modification of this Order to allow the disclosure of Protected Information. Any such motion must be served on the Parties in accordance with the Federal Rules of Civil Procedure and must describe in detail the proposed disclosure.

**10. Obligations at the Conclusion of Litigation**.

a. **Order Continues in Force**. Unless otherwise agreed or ordered, this Order will remain in force after dismissal or entry of final judgment not subject to further appeal.

b. **Conclusion of Litigation**. Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal and subject to the Federal Records Act, 44 U.S.C. § 3101 *et seq.*, and other legal obligations, the Parties shall take reasonable steps to ensure that all Protected Information is destroyed or returned to the Producing Party. Copies of Protected Information that are stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, need not be returned or destroyed so long as they are not made accessible (e.g., disaster recovery backups are not restored); if such data are made accessible, the receiving Party must take reasonable steps to return or destroy the restored Protected Information or documents as provided by this subparagraph.

c. **Retention of Work Product and One Set of Filed Documents**. Notwithstanding the above requirements to return or destroy Protected Information, counsel may retain: (1) attorney work product, including an index that refers or relates to designated Protected Information so long as that work product does not duplicate verbatim substantial portions of Protected Information, and (2) one complete set of all documents filed with the Court, including

those documents filed under seal. To the extent additional copies are retained by counsel of record notwithstanding the employment of reasonable efforts to return or destroy Protected Information, such retained copies remain protected under this Order. An attorney may use their work product in subsequent litigation, provided that its use does not disclose or use Protected Information.

**11. Order Subject to Modification**. This Order is subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter of this Order.

**12.** This Order is subject to the Local Rules for the U.S. District Court for the Eastern District of Louisiana and the Federal Rules of Civil Procedure on matters of procedure and the calculation of time periods.

**C. NON-WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION**

1. This Order invokes Rules 16(b) and 26(c) of the Federal Rules of Civil Procedure, as well as the protections accorded by Rule 502(d) of the Federal Rules of Evidence. Therefore, the provisions in Rule 502(b) of the Federal Rules of Evidence do not apply to the disclosure of communications or information in discovery in this matter.

2. Each Party is entitled to decide the appropriate degree of care to exercise in reviewing materials for privilege, taking into account the volume and sensitivity of the materials, the demands of the litigation, and the resources that the Party can make available. Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders, pursuant to Rule 502(d) of the Federal Rules of Evidence, that disclosure of privileged or protected information or documents in discovery conducted in this litigation will not constitute or be deemed a waiver or forfeiture—in this or any other federal or state proceeding—of any claims of attorney-

client privilege or work product protection that the disclosing Party would otherwise be entitled to assert with respect to the information or documents and their subject matter.

3. The Court further orders that the disclosure of privileged or protected information or documents in discovery conducted in this litigation will be deemed unintentional, inadvertent, and compelled by order of this Court. Such disclosure will not constitute a waiver of the disclosing Party's right to claim any privilege or protection, including without limitation the deliberative process privilege, that would have applied to the information or documents or their subject matter but-for the disclosure, provided only that the party disclaiming waiver employed procedures reasonably designed to screen out privileged materials.

4. Regardless of whether the procedures to screen out privileged materials were reasonable, the Parties shall not argue, in this forum or any other, that any privileges were waived as a result of disclosures in this litigation.

5. If a Party determines that it has produced a document upon which it wishes to make a claim of privilege, the producing Party shall, within fourteen business (14) days of making such determination, give all counsel of record notice of the claim of privilege. The notice must identify each such document and the date it was produced. If the producing Party claims that only a portion of a document is privileged, the producing Party shall provide, along with the notice of the claim of privilege, a new copy of the document with the allegedly privileged portions redacted. Any Party that complies with this paragraph will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials.

6. If a Party identifies a document that appears on its face or in light of facts known to the Party to be subject to another Party's claim of privilege, the Party identifying the potential claim of privilege is under a good-faith obligation to notify the Party holding the potential claim

of privilege. Such notification will not waive the identifying Party's ability to subsequently challenge any assertion of privilege with respect to the identified document. If the Party holding the potential claim of privilege wishes to assert a claim of privilege, it shall provide notice in accordance with Paragraph C.5 above within five (5) business days of receiving notice from the identifying Party.

7. Upon receiving notice of a claim of privilege on a produced document, the receiving Party shall, in accordance with Fed. R. Civ. P. 26(b)(5)(B), promptly sequester the specified information and any copies it has and shall not use or disclose the information, except as provided by Fed. R. Civ. P. 26(b)(5)(B), until the claim is resolved. Copies of privileged documents or information that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored; if such data is restored, the receiving Party shall take steps to re-sequester the restored information. If the receiving Party disclosed the information before being notified, it shall take reasonable steps to prevent further use of such information until the claim is resolved.

8. Notwithstanding the duties under Rule 26(b)(5)(B), absent an order expressly stating otherwise, a party may make derivative use of, and may pursue leads suggested by, any inadvertently produced privileged information known to the party before the duty arose to return, sequester, or destroy the privileged information. The receipt of inadvertently disclosed privileged information shall not be the basis for disqualifying counsel from this action absent a showing of bad faith in receiving the information.

9. If a Party wishes to dispute a claim of privilege asserted under this Order, such Party shall first meet and confer with the Party asserting the privilege in a good-faith attempt to resolve the dispute. In conferring, the challenging Party must explain the basis for its belief that

the assertion of privilege was not proper and must give the other Party an opportunity to review the disputed material, to reconsider the privilege assertion, and to explain the basis for asserting the privilege. If the Parties are unable to resolve the dispute, then within fourteen (14) business days from the Parties' meeting and conference, the challenging Party must move the Court for an order compelling disclosure of the information. The Party shall follow the procedures described in Fed. R. Civ. P. 26(b)(5)(B) and shall not assert, as a ground for compelling disclosure, the fact or circumstances of the disclosure. Pending resolution of the motion, the Parties shall not use the challenged information for any other purpose and shall not disclose it to any person absent further order from the Court.

10. The Parties may stipulate to extend the time periods specified in Paragraphs C.5, C.6, or C.9 above.

11. Nothing in this Order overrides any attorney's responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing Party that such materials have been produced.

12. The Party wishing to assert a claim of privilege retains the burden of persuasion, upon challenge pursuant to Paragraph C.9, of establishing the applicability of the claimed privilege.

13. This Order does not preclude a Party from voluntarily waiving any claims of privilege. The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses privileged information in support of a claim or defense.

**SO ORDERED** this _____ day of _______________, 2025, in New Orleans, Louisiana.

______________________________________________
**MAGISTRATE JUDGE JANIS VAN MEERVELD**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ATTACHMENT A**

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he or she has read the Stipulated Protective Order and Fed. R. Evid. 502(d) Order (the "Order") dated ____________________, in the matter identified below, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Louisiana in matters and disputes relating to the Order and understands that the terms of the Order obligate him or her to use materials designated as or asserted to be Protected Information in accordance with the specific terms of the Order. The undersigned acknowledges that a violation of the Order may result in penalties for contempt of court.

Printed Name: ____________________________________________

Job Title: ____________________________________________

Employer: ____________________________________________

Business Address: ____________________________________________

Telephone Number: ____________________________________________

Email Address: ____________________________________________

Dated: ________________

Signature: ___________________________